

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| DAW/PL AGR<br>2013R00731 | 970 Broad Street, Suite 700    973/645-2700<br>Newark, NJ 07102 |

August 20, 2015

Anthony J. Fusco, Jr, Esq.
Fusco & Macaluso
150 Passaic Avenue
Passaic, NJ 07055

      Re: <u>Plea Agreement with Kirtish N. Patel</u>

Dear Mr. Fusco:

      This letter sets forth the plea agreement between your client, KIRTISH N. PATEL, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on August 21, 2015, if an executed copy of this agreement is not returned to this Office on or before that date.

Charges

      Conditioned on the understandings specified below, this Office will accept a guilty plea from KIRTISH N. PATEL to a one-Count Information, which charges him with health care fraud, in violation of Title 18, United States Code, Section 1347.

      If KIRTISH N. PATEL enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against KIRTISH N. PATEL for, from September 2006 through June 2014, obtaining payments for health care benefits from the Medicare and Medicaid programs, by means of false pretenses, that is, forging physician signatures in order to create false diagnostic reports that purported to be written by actual physicians who had read and interpreted diagnostic results. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, KIRTISH N. PATEL agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by KIRTISH N. PATEL may be commenced against him, notwithstanding the expiration of the limitations period after KIRTISH N. PATEL signs the agreement.

Sentencing

The violation of Title 18, United States Code, Sections 1347 and 2, to which KIRTISH N. PATEL agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon KIRTISH N. PATEL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence KIRTISH N. PATEL ultimately will receive.

Further, in addition to imposing any other penalty on KIRTISH N. PATEL, the sentencing judge: (1) will order KIRTISH N. PATEL to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order KIRTISH N. PATEL to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461 (c); and (4) pursuant to 18 U.S.C. § 3583, may require KIRTISH N. PATEL to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should KIRTISH N. PATEL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, KIRTISH N. PATEL may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, KIRTISH N. PATEL agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, as determined by the Court at sentencing. The parties disagree as to the calculation of the loss figure but agree that defendants KIRTISH N. PATEL and NITA PATEL were paid more than $4,386,133.75 for 1) false diagnostic reports that purported to be written by actual physicians but, in fact, were never reviewed or authored by any physician, and 2) neurological diagnostic reports for which there was no supervising physician of the neurological testing being performed.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on KIRTISH N. PATEL by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KIRTISH N. PATEL's activities and relevant conduct with respect to this case.

Stipulations

This Office and KIRTISH N. PATEL agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or KIRTISH N. PATEL from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and KIRTISH N. PATEL waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

3

Forfeiture

      KIRTISH N. PATEL agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), KIRTISH N. PATEL will consent to the entry of a forfeiture money judgment ("Money Judgment") in an amount equal to all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the offense in violation of 18 U.S.C. § 1347 charged in the Information, a Federal health care offense as defined in 18 U.S.C. § 24, to which KIRTISH N. PATEL is pleading guilty. The Office and the defendant agree that in this case the amount of the Money Judgment to be imposed by the court shall be equivalent to the amount of the loss involved in the criminal conduct pursuant to U.S.S.G. § 2B1.1(b)(1). Should the parties fail to agree on the amount of the Money Judgment prior to sentencing, the Court will determine the amount of the Money Judgment pursuant to Rule 32.2(b)(1)(A). The defendant further agrees to forfeit all of his right, title and interest in any and all specific property traceable to the commission of the offense charged in the Information, with the proceeds from the sale of such property to be applied to the Money Judgment in partial satisfaction thereof.

      To secure the Money Judgment and any other financial penalties that may be imposed upon the defendant at sentencing ("Financial Penalties"), the defendant further stipulates and agrees to the entry of a restraining order pursuant to 21 U.S.C. § 853(e)(1) (as incorporated by 18 U.S.C. § 982(b)) and 18 U.S.C. § 983(j)(1) in order to preserve the availability of sufficient funds to satisfy the Money Judgment and Financial Penalties in full. The defendant consents to the restraint of $10 million in cash on deposit in accounts to be agreed upon by the Office and the defendant (the "Restrained Funds"). The defendant further agrees that the Money Judgment and Financial Penalties shall be paid out of the Restrained Funds within 5 business days of entry of the Judgment in a Criminal Case in a form and manner to be provided by the Office. The defendant agrees to take all necessary steps to satisfy the Money Judgment and Financial Penalties out of the Restrained Funds including, but not limited to, the execution of all necessary documentation.

      If the Money Judgment is not paid within five business days after entry of Judgment, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. The defendant acknowledges and agrees that if he fails to pay any portion of the Money Judgment on or before such date, the Government is entitled to seek forfeiture of any other property of the defendant, including substitute assets, in full or partial satisfaction of the Money Judgment, and that the defendant remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

KIRTISH N. PATEL further agrees to consent to the entry of orders of forfeiture consistent with this agreement and the Money Judgment to be imposed by the Court and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant waives any and all constitutional, statutory and other challenges to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. If the amount of the Money Judgment is determined prior to the defendant's sentencing, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Money Judgment prior to the defendant's sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant understands that the forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant further understands that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

KIRTISH N. PATEL represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement dated _____. KIRTISH N. PATEL agrees that if this Office determines that KIRTISH N. PATEL has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, KIRTISH N. PATEL consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that KIRTISH N. PATEL owns or in which KIRTISH N. PATEL has an interest be discovered, KIRTISH N. PATEL knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. KIRTISH N. PATEL further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, KIRTISH N. PATEL agrees to submit to a recorded deposition under oath regarding the sources of funds paid to him, directly or indirectly, and their disposition, if requested by this Office.

Immigration Consequences

KIRTISH N. PATEL understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and

5

removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. KIRTISH N. PATEL understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KIRTISH N. PATEL. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service or Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against KIRTISH N. PATEL.

No provision of this agreement shall preclude KIRTISH N. PATEL from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that KIRTISH N. PATEL received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between KIRTISH N. PATEL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Danielle Alfonzo Walsman
Assistant U.S. Attorney

APPROVED:

Jacob T. Elberg
Chief, Health Care and Government Fraud Unit

7

I have received this letter from my attorney, Anthony Fusco, Jr., Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ Date: 11-17-15
KIRTISH N. PATEL

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 11/17/15
ANTHONY FUSCO, JR., ESQ.

8

Plea Agreement with KIRTISH N. PATEL
Schedule A

1. This Office and KIRTISH N. PATEL agree to stipulate to the following facts:

   a. As a result of the health care fraud offense to which KIRTISH N. PATEL agrees to plead guilty, defendants KIRTISH N. PATEL and NITA PATEL were paid more than $4,386,133.75 by AARP, Aetna, Cigna, GHI/Emblem Health, HIP, Horizon Blue Cross Blue Shield, Medicare Part B, Oxford, and United Healthcare (collectively, "Payor Group A"), and others, for 1) false diagnostic reports that purported to be written by actual physicians but, in fact, were never reviewed or authored by any physician, and 2) neurological diagnostic reports for which there was no supervising physician of the neurological testing being performed.

   b. This Office and KIRTISH N. PATEL agree that the amounts paid to KIRTISH N. PATEL and NITA PATEL by the payors not included by name in paragraph 1(a) above (collectively, "Payor Group B") as a result of the health care fraud offense to which KIRTISH N. PATEL agrees to plead guilty, shall be determined in the same manner as those amounts paid by Payor Group A.

   c. The offense involved 10 or more victims. The offense did not result in substantial financial hardship to five or more victims.

   d. The offense to which KIRTISH N. PATEL agrees to plead guilty is a Federal health care offense involving a Government health care program and at least $1,668,954.95 of the paid amounts cited in paragraph 1(a) above were paid by Government health care programs.

   e. The Offense involved the conscious or reckless risk of death or serious bodily injury.

2. In exchange for the undertakings made by the government in entering this plea agreement, if the sentencing judge accepts these stipulations, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding this waiver provision, the parties reserve any right they may have under 18 U.S.C. § 3742 to challenge any aspect of the sentence that falls outside of any applicable statutory minimum or maximum term of imprisonment, term of supervised release, or fine. The parties also reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.